E. F. KELLEY, PLAINTIFF IN ERROR, V. LARS PETERSON, DEFENDANT IN ERROR.

1. **Practice:** PLEADING: STATEMENT OF CAUSE OF ACTION. The petition stated in substance that the defendant contracted with the plaintiff to cut his wheat, when ready to be harvested, for $1.25 per acre ; that when the wheat was ripe, the plaintiff notified the defendant of that fact, but the " defendant refused, and neglected to cut plaintiff's wheat, as defendant had agreed

and contracted, whereby said wheat was damaged and wasted," to plaintiff's damage $171.30, for which sum judgment was prayed. *Held*, that this petition stated a good cause of action, and a general demurrer to it was properly overruled.

2.———: ———: ———. Use of the words "as" in the clause— "that said defendant refused and neglected to cut plaintiff's wheat *as* defendant had agreed and contracted,"—commented upon and proper signification given.

ERROR to Howard county district court. Heard there before POST, J., upon a petition in error to the county court of said county, where a demurrer of the defendant to the petition of plaintiff had been overruled, and defendant electing to stand by the demurrer, a judgment was rendered for the full amount claimed. This judgment was affirmed by the district court, and defendant there sought by his proceedings in error here to obtain a reversal of both said judgments.

*Abbott & Caldwell*, for plaintiff in error.

1. It is clear that the pleader in this petition intends to charge a failure to cut *in the manner agreed;* and it then becomes equally clear that there are not facts sufficient in this petition, as it nowhere states in what manner he agreed to cut, nor shows the court wherein he failed to cut as agreed. In assigning a breach of contract the things agreed to be done must be set out, and a performance plainly negatived. Facts must be stated so the court can see that there has been a breach. *Schenk v. Naylor*, 2 Duer, 675. We do not think it can be seriously urged that the general damages are claimed under this petition, and if they are the petition is fatally defective in that it does not state that the cutting was worth more than the alleged contract price; unless this be stated no injury is shown

and no damage could be recovered.   *Doolittle v. Mc Cullough*, 12 Ohio State, 360.

2.   Can a party recover as damages, for the breach of a contract to cut grain, the value of the entire crop? We claim that cannot be done, and that the wasting and damage to the grain are not the necessary and logical consequences flowing from the default of the defendant; no injury resulted to the grain from this cause without other causes intervened, and they could not have been in the minds of the contracting parties when the contract was made.   3 Parsons on Contracts, 177 and 178, and Note 8., and cases there cited.   *Lake v. Damon*, 17 Pick., 288.

3.   The petition having failed to allege that the grain claimed to have been wasted or damaged was of any value, it fails to show any injury, and the plaintiff, in order to recover, must show facts not alleged in his petition; and whenever the plaintiff must do this the petition is fatally defective.   *Stanley v. Whipple*, 2 McLean, 35.

4.   Again, the petition contains no statement showing how the act or default of the defendant caused the injury.   Those facts should answer the question: How did the failure of the defendant to cut as agreed waste or damage the grain?   *Maxfield v. C., I. & L. R. R.*, 41 Ind., 269.   *Cole v. Swanston*, 1 Cal., 51.   While all damages, however specially pleaded, must be the *natural* result of the trespass; the only damages which can be recovered under the general allegations, without stating facts which show how they arose, are those which the law presumes from the facts set forth, and these are such only as *necessarily* arise from the acts done or omitted.   *Shaw v. Hoffman*, 21 Mich., 151.

*Thomas Darnell* and *James Lewis*, for defendant in error.

The petition alleges the contract, its terms, and that plaintiff in error violated the obligation of the contract on his part, and that by reason thereof defendant in error's crop of wheat was wasted and destroyed, and that he suffered damage in consequence thereof in the sum of one hundred and seventy-one dollars and thirty cents, which is sufficient to create a legal obligation on the part of plaintiff in error. Nash's Practice, 47. *Lynch v. Murray*, 21 How., Pr., 154. *Houser v. Pearce*, 13 Kan., 104.

The uncertainty of the petition, which is all the plaintiff in error complains of, cannot be reached by demurrer, even if the petition was uncertain and indefinite. The remedy in such cases is by motion and not by demurrer; formal defects cannot be reached by demurrer; it must be done by motion. Vansantvoord's Pleadings, 692. *Prindle v. Caruthers*, 15 N. Y., 425. *Morse v. Gilman*, 16 Wis., 504. *Mills v. Rice*, 3 Neb., 76.

LAKE, J.

Do the facts alleged constitute a cause of action? In overruling the general demurrer to the petition, the county court first, and the district court afterwards by affirming that judgment, answered this question in the affirmative.

The substance of the petition is that Kelley, the defendant in the action, contracted with the plaintiff to cut his crop of wheat, about thirty acres, when ready to be harvested, for the agreed price of one dollar and twenty-five cents per acre. That when said wheat was ripe and ready to be harvested the plaintiff notified the defendant of the fact, but the "defendant refused and neglected to cut plaintiff's wheat as defendant had agreed and contracted, whereby  *    *    *    *    *    *

said wheat was damaged and wasted," to his—the plaintiff's—damage "in the sum of one hundred and seventy-one dollars and thirty cents."

The first and principal criticism of this pleading is in reference to the proper effect to be given to the word "as" in the above quotation. Counsel contend that by giving to this word its proper meaning the allegation is not that "the defendant did not cut the wheat at all," but that the work was not performed "in the manner agreed and contracted;" in other words, was not well done. This, we think, is much too narrow a scope to be given to the allegation. But even if it be not, how could such construction possibly benefit the defendant now? Even if his real failure were only in the manner of performance, still he would be clearly liable for all the loss thereby legitimately occasioned. For instance, suppose he did actually cut the wheat, but in so slovenly a way that, as a necessary result, a considerable part of it was wasted, would he not be liable for the damage? Certainly he would, even if it amounted to the full value of the growing crop.

But, as before suggested, the view taken by counsel of this petition is too narrow, and the construction of the language employed too arbitrary. It was evidently the intention of the pleader to charge upon the defendant a total failure to perform his part of the agreement, and so it would be understood, we doubt not, by ninety-nine out of every one hundred persons of ordinary intelligence, and not inclined to be hypercritical.

Mr. Worcester, in his valuable dictionary, in a note to the word "as," remarks: "As sometimes takes the place of a relative pronoun, and is equivalent to who, or which." And this quality may very properly be given to it in the connection in which it is here used.

So understood, the allegation in effect. is, " that said defendant refused and neglected to cut plaintiff's wheat," which " defendant had agreed and contracted " to do. And this, doubtless, is the sense in which the pleader used it and intended it should be understood. We consider the allegation sufficient to sustain a judgment for the full value of the crop if, in consequence of any fault of the defendant in the performance of his agreement, the damage reached that amount.

But it is asked by counsel : " Can a party recover as damages, for the breach of a contract to cut grain, the value of the entire crop ?" Most certainly he can, if it be shown that the damages amount to so much, and that they are the proximate result of such breach. It is true that the plaintiff, on becoming aware of the fact that the defendant would not cut the grain, was not at liberty to fold his arms and make no effort to save it from destruction. In such case the law imposes upon him the duty of doing all that he reasonably can to avoid loss. But if, notwithstanding his reasonable effort in that behalf, the grain be injured, or totally destroyed, in consequence of not being cut according to the agreement, he has his action to recover the damage resulting therefrom.

The petition sets out the substance of the contract, its performance on the part of the plaintiff, and the refusal of the defendant to perform it on his part. Then follows the allegation that in consequence of the defendant's refusal to cut the wheat it was damaged and wasted to the amount of one hundred and seventy-one dollars and thirty cents, for which sum judgment is prayed. This we regard as clearly sufficient, if true, to create a legal obligation on the part of the defendant to make good the. loss. The particulars of the loss, what was done by the plaintiff, after becoming

8

aware of the failure of the defendant, to save his grain, and all the particulars of the damage, could be shown by the testimony under this complaint. If upon any point the defendant desired for his information a more particular statement, he should have moved for an order upon the plaintiff to make it. In such case a demurrer is not the proper remedy. For these reasons the judgment of the district court, affirming the judgment of the county court, must be affirmed.

JUDGMENT AFFIRMED.